**FILED**
03/31/2025
Michael E. Reuter
CLERK, CIRCUIT COURT
JEFFERSON COUNTY

IN THE
CIRCUIT COURT OF JEFFERSON COUNTY
STATE OF MISSOURI

| | |
|---|---|
| CHRISTOPHER PROSSER, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiffs. )<br>)<br>Vs. )<br>)<br>MVF US, LLC, a/k/a Marketing VF Ltd., d/b/a )<br>HearClear.com; and Alpaca Audiology, LLC d/b/a )<br>AudioNova, )<br>)<br>Defendants. ) | No. 25JE-CC00272<br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT CLASS ACTION**

Plaintiff, Christopher Prosser, appearing both individually and on behalf of all others similarly situated and for his First Amended Class Action Complaint against Defendant, MVF US, LLC, a/k/a Marketing VF Ltd., d/b/a HearClear.com and GoWizard (hereinafter "MVF") and Alpaca Audiology, LLC d/b/a as AudioNova ("Alpaca"), states, alleges and avers the following:

**Nature of the Action**

1. This is a class action under the Missouri No Call List and Telemarketing prohibitions set forth in §§ 407.1073, §407.1076, §407.1098.1, §407.1104 et seq.

2. Defendant Alpaca Audiology, LLC d/b/a as AudioNova is a company which specializes in hear aids and related services which solicits consumers via unsolicited telemarketing calls through their marketing partner, Defendant MVF US, LLC, a/k/a Marketing VF Ltd., d/b/a HearClear.com and/or GoWizard texting, without their express written consent

1

and with whom they have no prior established business relationship, including calling numbers lawfully registered on the Missouri do not call registry.

3. Defendant MVF US, LLC, a/k/a Marketing VF Ltd., d/b/a HearClear.com and/or GoWizard uses robocalling, artificial intelligence automated systems, and technology to block or otherwise circumvent a consumer's use of a caller identification service on behalf of Defendant Alpaca, to make outbound telemarketing calls/texts to thousands, if not millions of consumers across Missouri to harass, annoy and abuse subscribers to the called numbers in an effort to market their services.

4. By doing so, Defendant MVF and Alpaca have violated the Missouri No Call List and Telemarketing prohibitions set forth in §§ 407.1073, §407.1076, §407.1098.1, §407.1104 et seq., RSMo. when it called numbers on the Missouri Do Not Call registry without their prior express written consent, including the Plaintiff.

5. Defendant MVF and Alpaca has caused Plaintiff and Class Members to suffer concrete injuries because of placing unwanted robotic, Automatic Telephone Dialing Systems ("ATDS"), artificial intelligence generated and direct dialed telephonic calls/texts to their private residential telephones.

6. Through this action, Plaintiff seeks injunctive relief to stop Defendant MVF and Alpaca's unlawful telemarketing calls. Plaintiff additionally seeks damages as authorized by the MDNC on behalf of Plaintiff and the Class Members, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

7. Because telemarketing calls/texts typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed Missouri wide class of other people who received similar calls/texts.

8.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing practices and violations and is consistent both with the private right of action afforded by the MDNC and the fairness and efficiency goals of Missouri Supreme Court Rule 52.08.

II.     Parties

9.      Plaintiff Christopher Prosser (hereinafter "Plaintiff" or "Mr. Prosser") is an individual residing in this Circuit and a resident of Jefferson County, Missouri.

10.     Defendant MVF US, LLC, is a Delaware and United Kingdom based marketing Company that makes telemarketing calls or employs its agents, vendors or third party marketing partners to make telemarketing calls within and into this Circuit , to persons on the Missouri do not call registry, just as it did with the Plaintiff, with its registered agent, CT Corporation located at 1999 Bryan St, Ste. 900 Dallas, TX 75201.

11.     Alpaca Audiology, LLC d/b/a as AudioNova is a company which specializes in hear aids and related services which solicits consumers via unsolicited telemarketing calls through their marketing partner, Defendant MVF US, LLC, a/k/a  Marketing VF Ltd., d/b/a HearClear.com and/or GoWizard texting, without their express written consent and with whom they have no prior established business relationship, including calling numbers lawfully registered on the Missouri do not call registry .

### Jurisdiction and Venue

12.     This Court has jurisdiction for violations of Missouri do not call registry under Chapter 407.010 et seq. *RSMo*.

13.     This Court has personal jurisdiction over Defendant MVF and Alpaca because they either reside in this Circuit and/or made the calls into this Circuit, and/or they promulgated

3

the policies and procedures and/or had the right to do so for Defendants MVF and Alpaca which encourage, entice, condone, and ratify illegal telemarketing calls into this Circuit to persons on the no call lists. Moreover, Defendant MVF and Alpaca transacts business in Missouri, profits personally from MVF and Alpaca's harassing, abusive and annoying calls, and any sales derived from Missouri residents, they send their products to Missouri and advertise in Missouri; the extraterritorial tortious acts complained of within this complaint occurred in Missouri and to a Missouri resident, thereby subjecting them to Missouri's long arm statute, Section 506.500.1. Venue is proper because the calls at issue were made into this Circuit to a Missouri resident.

**THE MISSOURI NO-CALL LAWS**

14. In accord with Missouri telemarketing laws, § 407.1073 et seq., requires telemarketers to:

"1. A telemarketer shall disclose, promptly and in a clear and conspicuous manner, to the consumer receiving the telephone call the following:

(1) That the purpose of the telephone call is to make a sale;

(2) The telemarketer's identifiable name and the seller on whose behalf the solicitation is being made;

(3) The nature of the merchandise or investment opportunity being sold;

(5) If the telephone call is made by any recorded, computer-generated, electronically generated or other voice communication of any kind. When engaged in telemarketing, such voice communication shall, promptly at the beginning of the telephone call, inform the consumer that the call is being made by a recorded, computer-generated, electronically generated or other type of voice communication, as the case may be."

15. Mo. Rev. Stat. § 407.1076 provides in pertinent part:

It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:

(3) Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;

    (4)    Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls.

    (10)    Knowingly provide assistance or support to any telemarketer when that person knows or consciously avoids knowing that the telemarketer is engaged in any act in violation of sections 407.1070 to 407.1085; or

    (11)    Knowingly utilize any method to block or otherwise circumvent a consumer's use of a caller identification service.

16. The Missouri Do Not Call Registry, Mo. Rev. Stat. § 407.1098.1 provides:

No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of the subscriber's objection to receiving telephone solicitations.

17. Missouri Revised Statute 407.1104, imposes further restrictions:

1. Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.

2. No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.

18. A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2).

19. Defendant's calls to a telephone subscriber on the Missouri Do Not Call List is an unfair practice, because it violates public policy, and because it forced Plaintiff to incur time and expense without any consideration in return.

5

20. Defendant's practice effectively forced Plaintiff to listen to or read Defendant's unlawful, harassing, abusive and annoying sales campaign.

21. Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial concrete injury to hundreds if not thousands of persons.

22. Defendant's actions prevented the Plaintiff's telephone from being used for other purposes during the time Defendant were illegally occupying the Plaintiff's telephone for Defendant's unlawful purpose.

23. Chapter 407.1107(2) provides for up to $5,000 in damages for each knowingly violation.

    **III.**     **Factual Allegations**

24. Defendant MVF is a blast text marketing company employed by Defendant Alpaca and their agents, employees and/or vendors, to solicit consumers to purchase their hearing aids and related services.

25. To generate leads, Defendant MVF and their agents, employees and/or vendors, and other unknown marketing firms and call centers, uses random, robocall, automated dialing system generated telemarketing calls/texts, and direct dialed call, systems of which are capable of storing and deploying randomly generated and sequential number generated calls to reach the maximum number of consumers who have never had a relationship with the Defendant, and who never consented to receive their calls on behalf of MVF or Defendant Alpaca.

26. Defendant MVF and Alpaca also utilize computer systems to block or otherwise circumvent called numbers caller identification functions, just as they did with each text to Plaintiff's private residential phone which are the subject of this case.

27. Plaintiff is and was at all times mentioned herein, a "subscriber" as defined by Missouri law.

28. The Plaintiff is the sole subscriber who has complete dominion and control over and personally registered his private residential cellular telephone number (the "Number"), XXX-XXX-XXXX on the Missouri State Do Not Call registry in December 2023, where it remained continuously since.

29. Plaintiff is also a qualified Missouri subscriber who has lodged his in objections in December 2023 to the Missouri Attorney General over receiving any telemarketer calls, whatsoever, including each of the unsolicited calls by the Defendant as set forth in this Complaint.

30. Despite this, Defendant MVF and Alpaca and their agents, employees and/or vendors, as approved, encouraged, enticed, and ratified by Defendant MVF and Alpaca's policies, practices and procedures, placed more than eighteen (18) automated, computer-generated, and/or direct dialed telemarketing calls/texts to his private residential phone listed on the Missouri State do not call registry .

31. The first call and every call/text received thereafter by Plaintiff was from a long code or VoIP telephone number (312) 651-6988, and this call and all subsequent and calls received by the Plaintiff had the caller identification functioned blocked or circumvented by Defendant MVF and Alpaca and/or its telemarketers so the Plaintiff could not identify the caller

7

and was deceived into believing that there was a problem with family or friends in Illinois. All calls are chronologically set forth as follows:

  a. 12/19/24 9:31 am

  b. 12/23/24 9:31 am

  c. 12/26/24 9:31 am

  d. 01/24/25 9:31 am

  e. 01/31/25 9:31 am

  f. 02/03/25 9:31 am

  g. 02/06/25 9:31 am

  h. 02/10/25 9:31 am

  i. 02/13/25 9:32 am

  j. 02/17/25 9:39 am

  k. 02/20/25 9:37 am

  l. 02/24/25 9:38 am

  m. 02/27/25 9:37 am

  n. 03/03/25 9:38 am

  o. 03/07/25 9:32 am

  p. 03/10/25 9:38 am

  q. 03/13/25 10:37 am

  r. 03/07/25 10:36 am

  32. During this series of eighteen (18) generic automated calls/texts, the Defendant's and/or its third-party telemarketers identified Defendant MVF and Alpaca only by the unregistered fictitious name "GoWizard," and provided a hyperlink hearclear.com, which solicited Mr. Prosser

to purchase hearing and related services from Defendant Alpaca, albeit refused to promptly disclose:

    a.    The telemarketers name and the phone number where the telemarketer could be reached;

    b.    The name of the telemarketing company they were employed by;

    c.    Whether the telephone call is made by any recorded, computer-generated, electronically generated or other voice communication of any kind.

    d.    Whether the call is being made by a recorded, computer-generated, electronically generated or other type of voice communication.

    e.    The correct name, address and phone number of the seller.

    f.    In numerous calls the telemarketer utilized fictitious company names or abbreviated names so the Plaintiff could not readily identify Defendant MVF or Alpaca without extensive investigation.

33.    Defendant MVF and Alpaca knew or reasonably should have known, or consciously avoided knowing that it's telemarketers were deliberately failing disclose required information, misrepresenting its company name, using unregistered fictitious names and blocking or circumventing called numbers caller identification service providers and causing consumers phones to ring and or engaging consumers in telephone conversations repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive and/or harassing, which it did eighteen (18) times to Plaintiff's number, yet continued to provide its telemarketing vendors, agents and employees assistance and support.

34.    Defendant MVF and Alpaca knew or reasonably should have known that when it provided the Plaintiff's private residential phone number to its telemarketers, that the telemarketers would repeatedly call XXX-XXX-XXXX in an annoying, abusive or harassing manner.

35.    Defendant MVF and Alpaca knew or reasonably should have known that its telemarketers would violate the privacy and rights to seclusion of the subscribers to the numbers

9

by calling the numbers which are registered on the Missouri and national Do Not Call registry without prior express written consent.

36. Plaintiff found each of the Defendants calls to be abusive, annoying, harassing, frustrating and in violation of his right to seclusion and privacy.

37. Mr. Prosser did not have a prior business relationship with Defendants MVP or Alpaca.

38. Plaintiff never provided Defendant MVF and Alpaca with prior express written consent to call his private residential telephone number.

39. Each of the eighteen (18) illegal telemarketing calls were condoned, encouraged, enticed and ratified by Defendant MVF and Alpaca and their agents, employees and/or vendors:

40. During each call made with automatically generated and random generating computer equipment or calls directly dialed, the telemarketer annoyed, harassed, and abusively engaged Mr. Prosser to employ Defendant Alpaca's services.

41. The Defendant persistently harassed, humiliated, annoyed, frustrated, and solicited Mr. Prosser in each unsolicited blast marketing telemarketing text listed supra, despite that Plaintiff is registered on the Missouri Do Not Call registry and has been for many years prior to their unsolicited calls to his private, personal residential cell phone number.

42. Defendant MVF and Alpaca failed to scrub the number called prior to making these eighteen (18) unsolicited blasts marketing texts.

43. Defendant MVF and Alpaca and/or its employees, agents and telemarketers failed to register with the Missouri Attorney General as telemarketers.

44. Plaintiffs' privacy and right to seclusion have been grossly, deliberately, and repeatedly violated by the above-described eighteen (18) unsolicited telemarketing calls and Plaintiff was severely annoyed, harassed and humiliated by these repeated and abusive telemarketer calls.

45. Plaintiff and all Putative members of the Class, defined below, have been harmed by the acts of Defendant because their rights to privacy and seclusion have been violated, they were annoyed, harassed, humiliated, abused, and caused severe physical injuries, elevated blood pressure, stress, worry, anxiety, incurring wear and tear on his phone, damage and disruption to his phone's battery life, and other injuries and costs.

46. Defendant MVF and Alpaca and its telemarketer vendors made, and continue to make, these telemarketing calls to individuals Missouri-wide without a prior established relationship or their prior written express consent to do so.

47. During all the calls after the initial call was answered it was obvious that they were made by automatic yet random equipment by the Defendant as each prefaced by automated clicks, several computer squeals, pauses, and dead air space before the telemarketer text came through and appeared on Plaintiff's phone.

48. Defendants MVF and Alpaca and their agents, employees and/or vendors placed numerous computer-generated calls alleged in this complaint with the use of random and sequential telephone number generating equipment and continued to return calls to subscribers who answered the calls.

49. The called alleged above were made through the use of an automatic telephone dialing system; they can store, producing, and dialing any telephone number, and are capable of storing, producing, and dialing telephone numbers using a random or sequential number

11

generator. Further, no human manually entered Plaintiff and Class members' cellular telephone number when Defendants made the calls.

50. None of the telephone calls/texts alleged in this complaint constituted calls/texts for emergency purposes.

## Class Action Allegations

51. Class Definition: Plaintiff brings this Complaint against the Defendant, as authorized by Missouri Supreme Court Rule 52.08 on behalf of himself and the following Classes:

> **Missouri Do Not Call Class ("MDNC Class")**: All persons in the State of Missouri who (1) had his or her telephone number(s) registered with the Missouri Do-Not-Call registry for at least thirty days; (2) but who received more than one telephone call or text made by or on behalf of Defendant; (3) within a 12-month period; and (4) from four years prior to the filing of this Complaint.

> **Missouri Caller ID Class ("ID Class")**: For the time period of March 1, 2021 through the date the Court rules on Plaintiffs' class certification motion, all natural persons in Missouri: (a) who subscribed to a residential or wireless telephone service to which more than one call to encourage the purchase or rental of, or investment in, property, goods, or services was initiated by or on behalf of Defendants MVF and Alapaca within a twelve-month period, (b) using a method to block, circumvent or otherwise prevent the called person's "caller ID."

52. A substantial number of the events which give rise to the claim occurred in Jefferson County, Missouri. Therefore, under Local Rule, this civil action should be assigned to the Circuit Court of Jefferson County, Missouri.

53. Excluded from the Classes are Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, and Defendants' agents, legal representatives, predecessors, successors, assigns, and employees. Also excluded from the Classes are the judge and staff to whom this case is assigned, and any member of the judge's immediate family. Plaintiff reserves the right to revise the Class definitions based on facts

12

learned during discovery. Plaintiff is a member of each Class.

54. Class Numerosity: The exact number of members of each Class is unknown and is not available to Plaintiff currently, but such information is readily ascertainable by Defendant and their agents. The Classes are so numerous that joining all members is impractical. Plaintiff alleges that there are more than 40 members of each Class.

55. The Class as defined above are identifiable through phone records and phone number databases and defendants' business records.

56. The potential members of the Class number at least in the thousands.

57. Individual joinder of these persons is impracticable.

58. Plaintiff is a member of the Class.

59. Class Commonality: Common questions of fact and law exist as to all members of the Classes and predominate over the questions affecting only individual members of the Classes. Identification of the individuals who qualify as a member of the Class will be sufficient to establish liability to the Class member. The predominant common questions include:

   a. Whether Defendant's used an "automatic telephone dialing system" as such terms are defined or understood under the MDNC.

   b. Whether Defendant had prior express written consent to call Class members prior to making telemarketing calls;

   c. Whether Defendants systematically made telephone calls to members of the MDNC Classes whose telephone numbers were registered with the Missouri Do-Not-Call registry;

   d. Whether Plaintiff and Class Members are entitled to damages, including

13

whether Defendant's violations were performed willfully or knowingly such that Plaintiff and Class Members are entitled to treble damages; and

      d. Whether Plaintiff and Class Members are entitled to injunctive relief for violations of their privacy and attorney's fees and costs.

60. The Plaintiffs' claims are typical of the claims of members of the Class. Plaintiff is not different in any relevant way from any other member of the Classes, and the relief he seeks is common to each Class.

61. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he has hired attorneys experienced in class actions, including MDNC class actions.

62. Predominance and Superiority: The Classes alleged in this Complaint are appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual member of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. It would be virtually impossible for Class members to individually obtain effective relief from Defendant's misconduct. Even if Class members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, class actions present far fewer management difficulties and provide the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expenses will be fostered, and uniformity of decisions will be ensured.

63. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns the identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents, vendors, subsidiaries, and sub-contractors.

64. Injunctive Relief is Appropriate: Based on information and belief, Defendant MVF and Alpaca and their agents, employees and/or vendors continue to engage in the improper practices discussed above. Injunctive relief is necessary and appropriate to enjoin Defendant's conduct and to prevent irreparable harm to Plaintiff and Class members for which they have no adequate remedy at law.

65. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## COUNT I
### Violations of the MDNC Against All Defendants by Plaintiff Individually and on Behalf of the MDNC Class

66. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 65 as though set forth herein.

67. Plaintiff brings this claim individually and on behalf of the Missouri No Call List Members ("MDNC") against the Defendant.

68. Defendant MVF and Alpaca's acts and omissions of making eighteen (18) or more calls/texts to Plaintiff's private residential phone constitute multiple violations of the MDNC in that No person or entity shall make or cause any telephone to ring and make any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section §

15

407.1073, § 407.1076, §407.1090, §407.1098.1 of the subscriber's objection to receiving telephone calls.

69. Defendant failed to secure prior express written consent from Plaintiff and the Class Members prior to making these and other calls/texts and had no prior business relationship with Plaintiff.

70. In violation of the MDNC, Defendant made and/or knowingly allowed automated telephonic calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent and after notice to the Missouri Attorney General was given that they did not want to receive said calls/texts.

71. Defendants made and/or knowingly allowed the telephonic calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers, used a robotic interface with the Plaintiff, disabled the Caller I.D. function to deceive Plaintiff to answer the unsolicited calls/texts.

72. As a result of Defendant's conduct, Plaintiff and Class members were knowingly, willingly and deliberately harmed and are each entitled to a maximum of $5,000.00 in damages for each violation.

73. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**WHEREFORE**, Plaintiff Prosser and all members of the MDNC class prays for judgment against Defendant MVF and Alpaca for $5,000.00 per violation or $90,000.00 (for Prosser's damages), and for additional damages for each putative class member predicated upon the calls received, and for their attorney's fees and costs, appropriate injunctive relief, and for such further relief deemed just and equitable in the premises.

## COUNT II
### CALLS MADE IN VIOLATION OF MISSOURI'S NO CALL LAW <u>Mo. Rev. Stat. 407.1098</u>
**(On Behalf of the Missouri Caller ID Class)**

74. Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully stated herein.

75. It is a violation of Missouri law to make more than one telephone solicitation within a twelve-month period to a Missouri residential or wireless subscriber using a method to block or otherwise circumvent the called person's "caller ID" service. <u>Mo. Rev. Stat. §1104(2)</u>, and in the instant case the Defendants made eighteen (18) calls within a year.

<u>76</u>. Plaintiff and the Missouri Caller ID Class members are Missouri residential or wireless subscribers to whom more than one telephone call was initiated by or on behalf of Defendant within a twelve-month period using a method to block or otherwise prevent the called person's "caller ID" from identifying the telephone number called from.

77. Each such violation renders Defendants liable to Plaintiffs and each Caller ID Class Member for up to $5,000 in statutory damages per violation. <u>Mo. Rev. Stat. §407.1107(3)</u>.

78. Plaintiffs and the Missouri Caller ID Class Members are also entitled to injunctive relief prohibiting such calls in the future.

### PRAYER FOR RELIEF

*WHEREFORE*, Plaintiff Prosser and all members of the MDNC ID class pray for judgment against Defendant MVF and Alpaca for $5,000.00 per violation or $00,000.00 (for Prosser's damages), and for additional damages for each class member predicated upon the

17

calls/texts received, and for their attorney's fees and costs, appropriate injunctive relief, and for such further relief deemed just and equitable in the premises.

## COUNT III
### Defendant's Vicarious Liability

79. Plaintiff reasserts and incorporates fully herein by reference paragraphs 1 through 78 above paragraphs as though fully set forth herein.

80. Defendant Alpaca "may be held vicariously liable under common law principles of agency for violations by third-party telemarketers." Both actual and apparent authority, and ratification, can be a basis for the finding of vicarious liability.

81. A connection exists between the Defendant herein and the calls complained of by Plaintiff because the calls were directly made on behalf of Defendant Apaca's subsidiary or fictious company so they could profit from a common enterprise in which they participated.

83. Defendant Alpaca is vicariously liable for their independent third-party marketing agents phone calls/texts at issue because Defendant Alpaca substantially participated, promulgated the policy and ratified making the calls to Plaintiff and putative class members registered on the Missouri no call list without their express written consent.

81. Defendant Alpaca is further vicariously liable for the calls complained of by Plaintiff herein because they:

a) authorized or caused telemarketers, employees, agents, vendors to initiate the phone calls/texts or initiated the calls/texts themselves;

b) directly or indirectly controlled the persons who actually made or initiated the calls/texts;

c) allowed the telemarketers and independent agents access to information and operating systems within Defendant's control for the purpose of seeking to sell their

18

services, without which they would not be able to maintain and further robocalling atds, computer generated texting, and direct dialing.

d) allowed the telemarketers and independent contracting agents to enter or provide consumer information into Defendant's sales or operational systems.

e) approved, wrote, reviewed, or participated in developing the telemarketing sales scripts to sell their services.

f) Defendant Alpaca knew or reasonably should have known or consciously avoided knowing that the actual telemarketers were violating the law and failed to take effective steps within their power to require compliance;

g) Defendant Alpaca gave substantial assistance or support to the telemarketers, employees, agents or vendors and each other while knowing, consciously avoiding knowing, or being recklessly indifferent to the fact that these were engaged in acts or practices that violated the MDNC and ratified each of the illegal calls.

82. Defendant Alpaca's telemarketers had apparent authority to engage in the autodialing, direct dialing, robocalling and blast mass texts at issue herein because after Plaintiff patiently listened and/or read the scripted pitch the Defendant's all profited from each sale they made thereby ratifying their illegal practice.

83. Defendant Alpaca ratified the robocalls and automatic and computer-generated calls to Plaintiff described above because they accepted and intended the benefits to them of the calls while knowing or consciously avoiding knowing their telemarketer-agents were calling and robocalling cell phones and phone numbers listed on the Missouri State Registry without complying with the Registry and without prior express written consent of the robocalled and called consumers.

84. As a direct and proximate result of the ten (10) illegal texts by the above Defendant, Plaintiff and Putative Class Members suffered the gross violation of their rights to privacy, solace and seclusion as set forth above, they were frustrated, harassed, annoyed, abused, suffered anxiety, chest pains, other physical injuries, as well as suffered monetary loss in phone provider service fees, wear and tear on his phone equipment, and the degradation of his battery life.

**WHEREFORE**, Plaintiff prays for entry of judgment against Defendant ALPACA, and their independent contracting agents for their vicarious liability for an additional $90,000.00 and for his statutory, actual and/or treble damages sufficient in size to set a stern example and deter in the future like conduct complained of by Defendant or others. Plaintiff for additional damages on behalf of all Putative Class members for the reasons stated herein, and for such other and further relief as the court finds proper. Plaintiff requests an award of his attorney fees, costs and pre-and-post-judgment interest.

Respectfully submitted,

/s/Christopher Prosser
Christoper Prosser
4217 Maple Tree Ct.
Imperial, MO 63052
attorneysacquisitions@outlook.com
(314) 698-8888

## Certificate of Service

Plaintiff hereby certifies that a true and correct copy of this First Amended Complaint was mailed to the Defendants, via its registered agent U.S. First Class Mail, postage prepaid, this 31st Day of March, 2025.

/s/Christopher Prosser
Christoper Prosser