**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER PROSSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:25-cv-00574-JAR |
| vs. | ) | |
| | ) | |
| MVF US, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On this date the Court held a hearing in which Plaintiff Christopher Prosser was directed to show cause why he should not be held in contempt of court for the unauthorized practice of law. Plaintiff appeared for the hearing with counsel John Davis.

The Court finds that in his initial Petition and Amended Petition, Plaintiff indicated that he appeared pro se and "both individually and on behalf of all others similarly situated" with respect to his "Class Action Complaint" [ECF No. 3 at 1; ECF No. 4 at 1]. He further stated that this is a "class action under the Missouri No Call List and Telemarketing prohibitions set forth in §§ 407.1073, §407.1076, §407.1098.1, §407.1104 et seq" [ECF No. 4 at 1]. Plaintiff specified that he was seeking damages "on behalf of Plaintiff and the Class Members" and was suing "on behalf of a proposed Missouri wide class of other people who received similar calls/texts" [*Id* at 2]. Plaintiff asked for "damages for each putative class member" and "for their attorney's fees and costs" and for an "award of his attorney fees" [*Id* at 16, 20]. On April 25, 2025, Plaintiff filed a Notice of Settlement which indicated that he still appeared "individually and on behalf of all others similarly situated" and that the parties had reached a "global settlement in principle" [ECF No. 5 at 1]. Under his signature line in the initial Petition, First Amended Petition, and Notice of Settlement,

Plaintiff also indicated that his email address was "attorneysacquisitions@outlook.com" [ECF No. 3 at 25; ECF No. 4 at 20; ECF No. 5 at 1].

On April 29, 2025, the Court entered an order directing Plaintiff to appear for a hearing to show cause why he should not be held in contempt for the unauthorized practice of law [ECF No. 6 at 2]. The Court noted that Plaintiff has pursued at least fifteen TCPA cases in this district since 2023, typically filed in state court and subsequently removed. He has filed some cases pro se, sometimes with the assistance of counsel [ECF No. 6 at 1]. In this case, Plaintiff purported to have reached a global settlement on behalf of a class without licensed counsel. The Court observed that a pro se litigant may not represent others in federal court or in state court [*Id.*] (citing 28 U.S.C. § 1654; *Reynolds v. Merrick Bank Corp.*, No. 4:22-CV-00032-SEP, 2022 WL 1802847, at *4 (E.D. Mo. June 2, 2022); Mo. Rule 52.08(a)(4); *Vandyne v. Allied Mortg. Cap. Corp.*, 242 S.W.3d 695, 698 (Mo. 2008)). The Court also noted that the practice of law without a license is a misdemeanor in the state of Missouri. *See* Mo. Rev. Stat. § 484.020.

On May 2, 2025, Plaintiff filed a Corrected Notice of Settlement indicating that he appeared "pro se, personally and solely on his own behalf" and that in the prior notice he "incorrectly used the term globally, which Plaintiff believed to solely encompass the Plaintiff Prosser and Defendants MVVF US, LLC and Alpaca Audiology, LLC" [ECF No. 10 at 1]. Of note, the Corrected Notice still indicated that Plaintiff's email address was "attorneysacquisitions@outlook.com" [*Id.*].

Three days later, the parties filed a Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) [ECF No. 11 at 1]. In the Stipulation, Plaintiff changed his email address to "Clprosser2@outlook.com" [*Id.*]. On May 6, 2025, the Court entered an order stating that despite the Stipulation, it retained jurisdiction to hold the show cause hearing due to its

inherent power to independently investigate and impose sanctions for the illegal practice of law without a license [ECF No 12 at 1] (citing *United States v. Johnson*, 327 F.3d 554, 557 (7th Cir. 2003); *Priestley v. Astrue*, 651 F.3d 410, 416 (4th Cir. 2011)).

Upon review of the entire record of this case, summarized above, the Court finds that Plaintiff's actions warrant a holding of contempt of court. As the Court previously observed, Plaintiff's extensive litigation history and experience evince familiarity with legal rules and principles, and that he chose to intentionally disregard them here. While Plaintiff contended in his "Formal Apology" that he was unaware he could not represent others in a class action suit as a pro se plaintiff [ECF No. 13], the circumstances indicate willful misconduct. The evidence further indicates that Plaintiff is a sophisticated litigant with substantial knowledge of telemarketing laws, as demonstrated by the detailed class action language in his petitions. Therefore, the Court will hold Plaintiff in contempt of court for purporting to practice law without a proper license. The Court will order Plaintiff to refrain from the practice of law without a license in this Court or in any other court; if Plaintiff defies this order in the future, the Court will consider more serious sanctions such as monetary penalties and criminal contempt proceedings. Plaintiff's counsel assures the Court that Plaintiff understands the gravity of this holding, so the Court will not impose any monetary penalties or any other sanctions at this time.

**IT IS HEREBY ORDERED** that Plaintiff is held in contempt of court for purporting to practice law without a proper license.

**IT IS FURTHER ORDERED** that Plaintiff shall refrain from the practice of law without a license in this Court or in any other court. If Plaintiff defies this Order, the Court will consider more serious sanctions.

**IT IS FINALLY ORDERED** that Plaintiff's counsel shall provide a copy of this Order to Plaintiff.

Dated this 14th day of July, 2025.

John A. Ross

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**